## PATTERSON v. BAKER.

*Complaint — in action upon bank notes against director of bank — when demurrable.*

In an action by the holder of circulating notes of a bank against a director of the bank for damages by reason of the notes having been rendered worthless by the acts of the defendant and the other directors, the complaint alleged that plaintiff had acquired the notes since 1860, but not at what particular time, and that the acts had been performed since 1861, but not at what particular time. *Held,* demurrable, as not stating facts sufficient to constitute a cause of action. It should have shown that the acts occurred subsequent to plaintiff's acquisition of the notes.

APPEAL by plaintiff from order at special term sustaining demurrer to the complaint.

The action was brought by James A. Patterson against Alfred Baker, as the director of a banking corporation of the State of

Georgia, to recover for a loss upon bills of said corporation held by plaintiff. The facts are sufficiently stated in the opinion.

*Winter & Harris,* for appellant.

*Wm. G. Choate* and *Wm. M. Evarts,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. By the complaint the plaintiff claims to recover damages to the extent of $60,000 as owner of the circulating bills of the Mechanics' Bank, incorporated and existing in the State of Georgia. The defendant has been a director of that bank, and the plaintiff alleges that the circulating notes or bills of the bank were rendered worthless by the wrongful use of its property and assets by the defendant and other members of the board of directors. These bills are alleged to have been received and acquired by the plaintiff at various times since the 1st of January, 1860, but at what particular time is not stated, and the acts complained of are averred to have been performed at various times since the 1st day of January, 1861.

The receipt of the bills by the plaintiff, according to these allegations, may very well have been after the wrongs complained of had all been perpetrated. For that reason the court would not be warranted in concluding that they were received before those times. If such had been the case it should have been alleged. That was not done. It was entirely consistent with the statement that the bills were received after the 1st of January, 1860, that the plaintiff actually received them after the bank had been rendered insolvent by the acts of its directors. The fact is not changed by the allegation that the plaintiff sustained the damages claimed by means of those acts. That is simply an inference or conclusion from what was previously alleged. And if not warranted by the case stated it cannot support the plaintiff's claim. To authorize the conclusion that the wrongs complained of were committed after the plaintiff received the bills of the bank, that should have been averred as a fact. Without that averment the complaint did not state facts sufficient to constitute a cause of action within the case of *Butt* v. *Cameron,* 53 Barb. 642.

For that reason the demurrer was well founded, and the order sustaining it should be affirmed, with costs.

*Order affirmed.*